UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-00679-H

DUANE HAWKINS                                                                PLAINTIFF

V.

BROWN MACKIE COLLEGE/
LOUISVILLE, ET AL.                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

The matter before the Court is Defendants'[1] motion for summary judgment on all claims asserted by Plaintiff, Duane Hawkins, pursuant to Federal Rule of Civil Procedure 56. Mr. Hawkins has had an uneasy relationship with Defendants. However, nothing which Defendants have done amount to any cause of action asserted here. For the following reasons, the Court will sustain Defendants' motion.

I.

In December 2008, Mr. Hawkins enrolled in Brown Mackie's Paralegal Studies program at to pursue an Associate's Degree. Upon admission, he received Brown Mackie College's Academic Catalog, which set forth certain requirements that students must meet to continue enrollment in an academic program. Mr. Hawkins does not dispute that he reviewed the Academic Catalog and was bound by its terms. In November 2010, Brown Mackie College permanently dismissed Mr. Hawkins from the Paralegal Studies program for his failure to meet the minimum standards of the program. Pursuant to the Academic Catalog, after having attempted 72 hours in the program, Mr. Hawkins was required to have a course completion rate

---

[1] The Defendants in this case are: Stautzenberger College Education Corporation d/b/a Brown Mackie College/Louisville ("Brown Mackie College"), Rachel Phraser, Anissa Rogers, Neil Slawer and Sherry Hall (collectively, "Defendants").

of at least 66.67% and a cumulative GPA of at least 2.00. Mr. Hawkins does not dispute that he failed to meet either of these minimum standards.

II.

As best as the Court can glean, Mr. Hawkins asserts a cause of action against Defendants for discrimination on the basis of his disability. In Mr. Hawkins' complaint, he alleges that Brown Mackie College wrongfully terminated his enrollment in the Paralegal Studies program on the basis of his medical disability. As such, he appears to claim that Brown Mackie College's actions constituted unlawful discrimination in violation of both Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act of 1973 ("§ 504"), 29 U.S.C. § 794.

Title II of the ADA guarantees that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, § 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Quoting the Second Circuit, the Sixth Circuit has acknowledged that "[a]part from [§ 504's] limitation to denials of benefits 'solely' by reason of disability and its reach of only federally funded-as opposed to 'public'-entities, the reach and requirements of both statutes are precisely the same." *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 452-53 (6th Cir. 2008)(quoting *Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 146 n.6 (2d Cir. 2002)); *see Thompson v. Williamson Cnty., Tenn.*, 219 F.3d 555, 557 n.3 ("Because the ADA sets forth the

same remedies, procedures, and rights as the Rehabilitation Act, *see* 42 U.S.C. § 12133, claims brought under both statutes may be analyzed together.").[2] Therefore, the Court will construe the two claims together.

As a threshold matter, a plaintiff must establish the following elements to maintain a claim under the ADA or § 504: that he or she is "(1) disabled under the statute, (2) otherwise qualified for participation in the program, and (3) being excluded from participation in, denied the benefits of, or subjected to discrimination under the program by reason of his or her disability." *E. Ky. Univ.*, 532 F.3d at 453 (internal quotation omitted).

Although there is little doubt that Mr. Hawkins' medical disability related to cirrhosis of the liver is one recognized by the ADA and Rehabilitation Act, he has failed to produce any evidence that his dismissal from Brown Mackie College was by reason of, or solely on the basis of, his disability. Rather, the record clearly reflects that Mr. Hawkins' dismissal from the Paralegal Studies program was due to his failure to meet the school's uniform and objective academic requirements.

Moreover, the Court cannot find any evidence that the academic decision to terminate Mr. Hawkins was a pretext for a discriminatory intent and does not find the academic standards at Brown Mackie College to be at all unreasonable. *See Hash v. Univ. of Ky.*, 138 S.W.3d 123, 128 (Ky. Ct. App.)(stating that academic institutions have wide discretion in making professional judgments); *Kaltenberger v. Ohio Coll. of Podiatric Med.*, 162 F.3d 432, 436 (6th Cir. 1998)("[W]hen reviewing the substance of academic decisions, courts should show great respect for the faculty's professional judgment.")(internal quotation omitted).

---

[2] Brown Mackie asserts that Mr. Hawkins has proffered no evidence showing that the school's Paralegal Studies program receives federal assistance, an essential element to establish a § 504 claim. The Court declines to rule on this particular issue since the claims will be dismissed on other grounds.

3

Mr. Hawkins fails to proffer any evidence tending to show that his academic termination had anything to do with his disability; rather he acknowledges that his dismissal from the program was for objective academic reasons.[3]  In his pursuit of an Associate's Degree, Brown Mackie College accommodated Mr. Hawkins' medical needs on numerous occasions by providing make-up classes and re-entry into the program.  Unfortunately, even after these accommodations, Mr. Hawkins was unable to meet the clear academic standards, and as such, his deficient academic performance provided legitimate grounds for dismissal.

Although the parties dispute some of the facts in this case, it is clear that Mr. Hawkins has failed to present a genuine issue of material fact that he was academically dismissed because of his disability.  Mr. Hawkins' enrollment at Brown Mackie College was terminated for legitimate, non-discriminatory reasons.  As such, his claims fail as a matter of law, and summary judgment in favor of Defendants is warranted.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment is SUSTAINED.  Plaintiff's claims are DISMISSED WITH PREJUDICE.

This is a final order.

cc: Counsel of Record

---

[3] In Mr. Hawkins' response to Defendants' motion for summary judgment, he states, "the undisputed evidence of record reflects that Hawkins was academically dismissed from the Paralegal program due to his failure to meet the cumulative GPA [and] course completion rate requirement of Brown Mackie." ECF No. 30.